UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS LEROY GARNER, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2805 ACL |
| | ) |
| RICHARD LISENBE, MATT SHULTS, | ) |
| and STEVE LORTS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Travis Leroy Garner, Jr., an inmate at Phelps County Jail, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against Richard Lisenbe (Sheriff of Phelps County), Matt Shults (Lieutenant, Jail Administrator of the Phelps County Jail), and Steve Lorts (Sergeant) for violations of his rights under the First Amendment, Eighth Amendment, and Fourteenth Amendment. Plaintiff complains of overcrowding at the Phelps County Jail. Plaintiff is housed in E-Pod which was designed to house 16 inmates—there are 16 bunks, 16 spaces for dining, and 2 toilets. Plaintiff alleges the average number of inmates in the E-Pod is 36, but at times can rise to 55 inmates.

Plaintiff alleges that because of the overcrowding, the jail is unsanitary, does not allow recreation time, fresh air or daylight, and he has been forced to sleep on concrete when the jail has run out of mattresses. He states he has to eat standing up or sitting on his bunk, and he has spilled his tray of food twice causing him to go without eating. He states the E-Pod is so full, "there is not room to move around," and this has caused his extremities to atrophy. On one occasion, while he was suffering severe stomach pains and severe diarrhea, plaintiff was forced to wait more than two hours for a toilet. Plaintiff alleges the overcrowding has caused him frequent headaches, dizziness, stress, and pain.

For his First Amendment claims, plaintiff states that the overcrowding at Phelps County Jail caused defendants to ban any opportunity for religious services. Religious services were previously held in the gymnasium, but because of overcrowding, jail administrators repurposed the gym into additional housing units. Plaintiff alleges this has caused him emotional distress.

Plaintiff has complained to defendants about the conditions, and states he was threatened by defendants Lisenbe and Shults that if he continued to complain he would serve his time in the "pink room" (*i.e.*, a punishment cell with no mattress, bunk, or toilet). In addition, both defendants have verbally abused plaintiff and demeaned his race. For relief, plaintiff seeks release from jail and monetary damages of more than $3.5 million.

## Discussion

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). Overcrowding alone does not describe a constitutional violation. *See Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). Overcrowding that leads to increased danger, poor supervision, safety, medical care, and food preparation, however, can violate the Eighth Amendment. *See Cody v. Hillard*, 799 F.2d 447, 450 (8th Cir. 1986), *on reh'g*, 830 F.2d 912 (8th Cir. 1987) (citing cases). The conditions must "evince the 'wanton and unnecessary infliction of pain' necessary to constitute a violation of the Eighth Amendment." *Cody*, 830 F.2d at 914 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Plaintiff has not alleged that the overcrowding has led to any increased danger. He does not allege any fights have broken out due to the overcrowding. *See*, *e.g.*, *Owen v. Lisenbe*, No. 4:17-CV-1547 HEA (E.D. Mo. filed Sept. 27, 2017) (alleging the stress and frustration caused by

overcrowding at Phelps County Jail has caused two fights in which plaintiff was injured by other inmates). Plaintiff has not alleged poor supervision, safety, medical care, or food preparation. At most, plaintiff has had to sleep on concrete twice and has spilled his tray of food twice. These allegations do not evince the wanton and unnecessary infliction of pain necessary to violate the Eighth Amendment.

Plaintiff's allegations regarding his lack of recreation time, however, are more severe. Plaintiff alleges that because the gymnasium has been converted into a housing unit, he receives no time out of the E-Pod and no recreation. He states the pod is so full that there is no room to move around, much less exercise. Plaintiff has alleged the lack of recreational facilities, due to overcrowding, has deprived him of all exercise, direct sunlight, and fresh air. As a result, he alleges he suffers frequent headaches, dizziness, stress, pain, and that his extremities are beginning to atrophy. The Eighth Circuit has held that a prisoner confined to his cell for more than sixteen hours a day should be allowed recreation. *See Campbell v. Cauthron*, 623 F.2d 503, 506-07 (1980) ("We have no trouble concluding that such crowded conditions[, inmates with as little as eighteen square feet of living space,] constitute cruel and unusual punishment for those convicted inmates who are kept in their cramped cells for all but a few hours each week."). Liberally construed, plaintiff's constitutional claims against defendants Lisenbe and Shults regarding the lack of recreation time are not frivolous. As a result, the Court will order the Clerk to serve process on these defendants.

Also, plaintiff claims that the overcrowding has resulted in violations of his rights under the Free Exercise Clause of the First Amendment. Inmates, and by extension detainees, have a right to practice religion. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). However, the right to practice group religious worship may be restricted in some instances. *Id.* (inmates on outdoor work detail need not be allowed to return to prison for religious services). A "special

chapel or place of worship need not be provided for every faith regardless of size." *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972).

Here, plaintiff alleges merely that the Phelps County Jail's gymnasium, a space previously provided for worship, had been converted into housing units. He does not claim that he is not allowed to talk to clergymen, pray, or receive religious materials. Moreover, he has not claimed that he asked for group religious worship and that his request was denied. The First Amendment does not create an unfettered right to practice group religious worship in prison, and a special place of worship need not be provided. *See O'Lone*, 482 U.S. at 348-49; *Cruz*, 405 U.S. at 322 n.2. The Court finds plaintiff has not stated a plausible claim of First Amendment violations against defendants. Thus, the Court will dismiss plaintiff's First Amendment Free Exercise Claims against defendants.

Plaintiff's complaint makes no allegations against defendant Sergeant Steve Lorts. Although his name is listed in the caption of the complaint, there are no facts alleged which would show any constitutional violation by this defendant. The Court will dismiss without prejudice defendant Sergeant Steve Lorts.

The Court will also dismiss plaintiff's claims brought against both defendants Lisenbe and Shults in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a specific policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.

Additionally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** the Clerk of Court Clerk shall issue process or cause process to issue upon plaintiff's complaint on defendants Richard Lisenbe and Matt Shults in their individual capacities.

**IT IS FURTHER ORDERED** that defendant Steve Lorts is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. [ECF No. 5]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 31st day of May, 2018.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE