UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS LEROY GARNER, JR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 2805 ACL |
| | ) | |
| RICHARD LISENBE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Travis Leroy Garner, Jr. filed this action against Defendants alleging violations of his constitutional rights during his incarceration at the Phelps County Jail. Presently pending before the Court is Defendants' Motion to Enlarge Time to Complete Discovery and File Dispositive Motions, or alternatively, for Discovery Sanctions. (Doc. 30.)

In their Motion, Defendants state that Plaintiff appeared at his June 10, 2019 deposition but refused to testify. Defendants have attached a copy of the deposition transcript, which reveals Plaintiff refused to answer any questions without an attorney present. (Doc. 30-2.) Defendants further state that, shortly after Plaintiff's failed deposition, one of Defendants' attorneys withdrew. Defendants contend that, as a result, the deadline for the filing of dispositive motions was inadvertently overlooked. Due to these events, Defendants request that the deadlines for completion of discovery and the filing of dispositive motions be enlarged by 60 and 90 days respectively. The Court finds Defendants' request reasonable under the circumstances and will extend the relevant deadlines.

In addition, Plaintiff is advised that he must participate fully in the discovery process, even if he is unrepresented. The Federal Rules of Civil Procedure permit discovery of "any

1

nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). It is well-established that a plaintiff's *pro se* status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. *Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir. 2000) (per curiam). Rule 37(b)(2)(A), 37(d)(1)(A) and 37(d)(3) collectively grant the Court authority and discretion to impose sanctions for discovery abuses and pretrial order violations. Sanctionable behavior includes failing to appear for deposition, as well as failing to serve answers, objections, or written responses to interrogatories. Fed. R. Civ. P. 37(d)(1)(A)(i), (ii); *see also Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir. 1994). Sanctions include dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

Thus, Plaintiff is cautioned that he is subject to sanctions if he continues to refuse to participate in the discovery process.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Enlarge Time to Complete Discovery and File Dispositive Motions (Doc. 30) is **granted**.

**IT IS FURTHER ORDERED** that the deadline for the completion of all discovery is extended to **October 21, 2019**. The deadline for the filing of dispositive motions is extended to **November 21, 2019**; opposition briefs must be filed no later than **December 20, 2019**, and any reply brief may be filed no later than **December 30, 2019**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of August, 2019.