UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS LEROY GARNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CV2805 ACL |
| | ) | |
| RICHARD LISENBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Travis Leroy Garner, Jr. filed this action against Defendants alleging violations of his constitutional rights during his incarceration at the Phelps County Jail.  Presently pending before the Court is Garner's Motion to Appoint Counsel.  (Doc. 38.)  Also pending is Defendants' Motion for Summary Judgment.  (Doc. 35.)

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d).  It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision.  *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).  In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues.  *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), *cert. denied*, 504

U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for Garner at this point in the litigation.  The undersigned finds that Garner has clearly presented his claims against Defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel."  Thus, Garner's Motion for Appointment of Counsel will be denied without prejudice.  "Without prejudice" means that Garner may later ask for appointment of counsel if he feels it is necessary.

Defendants filed their Motion for Summary Judgment on February 19, 2020.  Pursuant to the Court's December 20, 2019 Order, Garner's Response was due on March 20, 2020.  (Doc. 34.)  To date, Garner has not filed a Response to Defendants' Motion for Summary Judgment. Instead, he filed his Motion to Appoint Counsel, in which he states that he has limited law library access.

It is well-established that a plaintiff's *pro se* status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure.  *Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir. 2000) (per curiam).

The Court has found that it is not necessary to appoint counsel in this matter.  Because Garner reports difficulty accessing his institution's law library, the Court will grant him additional time to file a Response to Defendants' Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 38) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted an extension of time, until May 22, 2020, to file his Response to Defendants' Motion for Summary Judgment; any reply brief may be filed no later than **June 1, 2020**.

                                                **/s/** Abbie Crites-Leoni
                                                ABBIE CRITES-LEONI
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of April, 2020.