UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS LEROY GARNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CV2805 ACL |
| | ) | |
| RICHARD LISENBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Travis Leroy Garner, Jr. filed this 42 U.S.C. § 1983 action against Defendants Richard Lisenbe and Matt Shults,[1] alleging violations of his constitutional rights during his incarceration at the Phelps County Jail. Presently pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 35.) Garner did not respond to Defendants' Motion for Summary Judgment, and the time for doing so has expired.

**I.   Background**

In his Complaint, Garner alleges unconstitutional conditions of confinement due to overcrowding at the Phelps County Jail ("Jail"). He states that he was housed in E-Pod, which was designed to house 16 inmates, yet the average number of inmates in the E-Pod was 36 and rose to as many as 55 inmates. Garner claims that, due to the overcrowding, the Jail was unsanitary, did not allow recreation time, did not allow fresh air or daylight, and he was forced to sleep on concrete when the Jail ran out of mattresses. He states that he has had to eat standing up or sitting on his bunk, and has spilled his tray of food twice, causing him to go without eating. Garner claims that E-Pod was so full that there was no room to move around, which caused his

---

[1] Garner originally named Steve Lorts as a defendant as well, but the Court dismissed the Complaint as to Lorts pursuant to 28 U.S.C. § 1915. (Doc. 6.)

1

extremities to atrophy.  On one occasion, Garner states that he was forced to wait more than two hours for a toilet when he was suffering from diarrhea.  He alleges the overcrowding caused him to experience frequent headaches, dizziness, stress, and pain.  Garner further alleges that his First Amendment Free Exercise rights were violated when the Jail's gymnasium, a space previously provided for worship, was converted into housing units.

Defendant Richard Lisenbe is the Sheriff of Phelps County and Defendant Lieutenant Matt Shults is the Jail Administrator of the Phelps County Jail.  Garner alleges that he complained to Defendants about the Jail conditions, and Defendants threatened that they would send him to the "pink room" if he continued to complain.  He alleges that Defendants have also verbally abused him.  Garner seeks monetary damages of more than $3.5 million.

In its review for frivolity pursuant to 28 U.S.C. § 1915, the Court found that Garner's allegations regarding overcrowding did not evince the wanton and unnecessary infliction of pain necessary to violate the Eighth Amendment.  (Doc. 6.)  The Court also found that Garner failed to state a plausible claim of First Amendment violations against Defendants.  Garner's sole surviving claim is his allegation regarding lack of recreation time due to overcrowding against Defendants in their individual capacities.

In their Motion for Summary Judgment, Defendants argue that they are entitled to judgment as a matter of law, because Garner cannot establish Defendants were deliberately indifferent to his rights.  Defendants further argue that they are entitled to qualified immunity.

Garner did not respond to Defendants' Motion for Summary Judgment, despite the Court granting him two extensions of time to do so. (Docs. 39, 42.)

## II.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no

2

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties." *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004). "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910–11 (8th Cir. 2005) (internal quotations omitted). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Garner did not respond to Defendant's Statement of Undisputed Material Facts (Doc. 36), as required under Federal Rule of Civil Procedure ("FRCP") 56 and Local Rule 4.01(E). Garner's status as a *pro se* litigant does not excuse him from responding to Defendants' Motion "with specific factual support for his claims to avoid summary judgment," or from complying with local rules. *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001). With his failure to respond, Garner is deemed to have admitted all of the facts in Defendants' statement of uncontroverted facts. *Turner v. Shinseki*, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. Jun. 22, 2010) (citing *Deichmann v. Boeing Co.*, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), *aff'd* 232 F.3d 907 (8th Cir. 2000), *cert. denied*, 531 U.S. 877).

Summary judgment is not granted in favor of Defendants as a result of Garner's failure to properly respond to Defendants' statement of material facts. Instead, the Court deems the facts set forth by Defendants as true. *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 579 (8th Cir.

3

2006). Defendants must still establish that they are entitled to judgment as a matter of law. *See id.*

### III. Facts[2]

Garner was held at the Jail for the U.S. Marshals Service from October 27, 2017, to July 25, 2018. He was confined in E-Pod and C-Pod during his time at the Jail. Garner was able to do pushups in E-Pod, and was able to walk up and down the stairs in E-Pod when other inmates were not sleeping. He was able to walk the stairs in C-Pod. Garner was not confined to a cell, because the jail pods were open pods with room to walk around.

Garner has no medical injuries or medical issues related to overcrowding in the Jail. He has no medical issues related to lack of exercise in the Jail. Garner has offered no medical testimony to support any allegations of injury or medical issues related to overcrowding or exercise.

### IV. Discussion

Defendants first argue that they are entitled to summary judgment because Garner fails to state a violation of his Eighth Amendment rights. They contend that Garner has presented no evidence of an injury, and the alleged deprivation is not sufficiently serious. The undersigned agrees.

A constitutional violation exists if Defendants were deliberately indifferent to Garner's exercise needs. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Id.* Courts reviewing an inmate's lack of exercise claim should consider factors such as: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell;

---

[2]The Court's recitation of the facts is taken directly from Defendants' Statement of Undisputed Material Facts. (Doc. 36.)

(3) the size of the cell; and (4) the duration of confinement. *Id.* Lastly, "[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994). The Eighth Circuit has held that no outside recreation for three months is insufficient to demonstrate deliberate indifference to an inmate's health. *See Thompson v. Stovall*, 2013 WL 501437, at *6 (W.D. Ark. Jan. 18, 2013) (citing *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002)).

Here, Garner was not confined in a cell but, rather, was placed in an "open pod" where people were able to walk around. (Doc. 37-1 at p. 16.) Garner admitted that, despite the alleged overcrowding, he was able to do pushups and walk up and down the stairs in E-Pod, and was able to walk the stairs in C-Pod. *Id.* at pp. 9-11. He testified that he defines recreation not by walking or doing push-ups, but "a facility with a gym with basketball hoops and handball, cardio to be able to move to breathe." *Id.* at p. 15.

Based on the undisputed facts, the Court finds Garner's deprivation of exercise claims are not sufficiently serious to establish a constitutional violation. *See Wishon*, 978 F.2d at 449 (finding that forty-five minutes of out-of-cell recreation time per week did not violate the Eighth Amendment rights of an inmate in protective custody where prison records showed inmate had the opportunity to exercise in his cell, and had other opportunities to be out of his cell). Further, Garner has failed to offer any evidence of injury from the alleged inability to exercise or overcrowding. Thus, Garner's claims regarding inadequate recreation fail as a matter of law, and Defendants Lisenbe and Shults are entitled to summary judgment on this issue.

Defendants also argue that they are entitled to qualified immunity. Having found that Defendants are entitled to summary judgment on the merits of Garner's claims, it is unnecessary to determine whether qualified immunity also applies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 35) is **granted**. A separate Judgment in favor of Defendants will accompany this Memorandum and Order.

                                            */s/ Abbie Crites-Leoni*
                                            ABBIE CRITES-LEONI
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of September, 2020.